IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. DKC-12-0149 |
| DENNIS SMITH | * | |
|  | * * * * * | |

## MOTION TO SUPPRESS STATEMENTS

Defendant herein, Dennis Smith, through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Michael T. CitaraManis, Assistant Federal Public Defender, hereby moves this Court to suppress for use against him at trial any and all statements allegedly made by him to law enforcement offices on March 6, 2012, and all fruits thereof. In support of this motion, undersigned defense counsel states as follows:

1. Dennis Smith ("Smith") is charged in a two-count indictment with violations of 18 U.S.C. § 1591(a) (Mann Act violation), § 2423(e) (sex trafficking).

2. To date, undersigned defense counsel has not received discovery but he understands that as a result of the investigation by law enforcement in this case, Smith was detained and questioned on March 6, 2012, by law enforcement officers and it is likely that the government is intending to introduce into evidence at trial portions of Smith's statements.

3. Undersigned defense counsel submits that any statements by Smith to law enforcement officers should be suppressed for use against him at trial for the following reasons:

(A) Smith was not advised or adequately advised of his right to silence and/or counsel before being questioned and/or he did not voluntarily and intelligently waive these rights; and/or

(B)  Smith invoked his right to silence and/or counsel; and /or

(C)  Smith's statements were not voluntary.

WHEREFORE, undersigned defense counsel respectfully requests this Court to suppress for use at trial any and all statements by Smith to law enforcement officers on March 6, 2012.

Respectfully submitted,

JAMES WYDA
Federal Public Defender for
the District of Maryland


_____/s/_____
MICHAEL T. CITARAMANIS
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Telephone: (301) 344-0600
Fax: (301) 344-0019
E-mail: michael_citaramanis@fd.org


**MEMORANDUM OF POINTS AND AUTHORITIES**

1. It is axiomatic that use of involuntary statements against an accused is a violation of both due process and the accused's right against self-incrimination under the Fifth Amendment.

2. The reasons for excluding coerced statements were explained by the United States Supreme Court in Jackson v. Denno, 378 U.S. 368 (1964). In the first instance, statements which are coerced are likely to be unreliable. Second, use of an involuntary statement is forbidden,

> . . . because of the 'strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will,' Blackburn v. Alabama, 361 U.S. 199, 206-267, 80 S.Ct. 274, 280, 4 L.Ed.2d 242, and because of 'the deep

>rooted feeling that the police must obey the law while enforcing the law; that in the end life and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves.' Spano v. New York, 360 U.S. 315, 320-321, 79 S.Ct. 1202, 1205-1206, 3 L.Ed.2d 1265.

Jackson, 378 U.S. at 386.

    3.    In order to be voluntary, a statement must be "the product of a rational intellect and a free will." Blackburn v. Alabama, 361 U.S. 199 (1960); U.S. v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981). If an accused's free will has been "overborne" or his "capacity for self-determination critically impaired," then his statement is not voluntary. Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973); U.S. v. Pelton, 835 F.2d 1067, 1071-72 (4th Cir. 1987).

    4.    Thus, a statement "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promise, however slight, nor by the exertion of any improper influence." Malloy v. Hogan, 378 U.S. 1, 7 (1964), quoting from Bram v. U.S., 168 U.S. 532, 542-43 (1897).

    5.    The government must prove that a statement is voluntary by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 489 (1972); Tingle, 658 F.2d at 1335.

    6.    Further, under Miranda v. Arizona, 384 U.S. 436 (1966), prior to custodial interrogation of a suspect, law enforcement officers must advise the suspect of his right to remain silent, the fact that any statement he makes may be used as evidence against him, and that he had the right to the presence of an attorney, either retained or appointed. Id. at 444-45.

    7.    Miranda warnings must be given when a suspect is "in custody at the station or otherwise deprived of his freedom of action in any significant way." Id. at 477; Orozco v. Texas, 394 U.S. 324, 327 (1969).

8. Although a suspect may waive his Miranda rights, such a waiver must be voluntarily, knowingly, and intelligently made; and if a suspect indicates in any manner and at any stage of interrogation that he wishes to speak with an attorney or refuse to answer questions, there can be no further questioning. Id. at 444-45; Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).

9. As with proving the voluntariness of a confession or statements, the prosecution bears the burden of establishing a voluntary, knowing and intelligent waiver of Miranda rights. See Tate v. Louisiana, 444 U.S. 469 (1980). This burden was described in Miranda as a "heavy burden." Miranda, 384 U.S. at 475.

10. The validity of a waiver of Miranda rights must be determined in each case by looking at the particular facts and circumstances surrounding the case and the background, experience and conduct of the accused. Edwards, 451 U.S. at 482.

11. Because the determination of a valid waiver is a factual question, depending on the "totality of the circumstances," there are a limitless number of factors which may be considered in determining whether the waiver was voluntarily, knowingly and intelligently made. However, because a statement is found to be voluntarily made does not mean that a voluntary and proper waiver of Miranda rights has occurred. Id.

12. Under Miranda, if an individual indicates "in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." Miranda, 374 U.S. at 473-74.13.

13. Once a suspect has invoked his right to silence without benefit of counsel, subsequent interrogation is proper only if the defendant initiates further conversation and properly waives his rights. Oregon v. Bradshaw, , 462 U.S. 1039, 1044-45 (1983).

14.     Finally, if at any point a person in custody invokes his right to counsel, all questioning must cease and further interrogation is not permitted unless the person initiates further discussion. Edwards v. Arizona, 451 U.S. at 484, 485.  This applies to questioning regarding any offense.

_____/s/_____
MICHAEL T. CITARAMANIS
Assistant Federal Public Defender

### REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

_____/s/_____
MICHAEL T. CITARAMANIS
Assistant Federal Public Defender